IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF WEST VIRGINIA

**CASEY LUCZAK,**

    **Plaintiff,**

v.                                                                                              Civil Action No. 5:13cv4
                                                                                            (Judge Stamp)

**CHRISTINA M. BROWN, U.S. Attorney,**

    **Defendant.**

## REPORT AND RECOMMENDATION

       On January 16, 2013, the *pro se* plaintiff, a federal inmate housed at U.S.P. Hazelton, in Bruceton Mills, West Virginia, initiated this case by filing a civil rights complaint pursuant to 42 U.S.C. §1983. Because the plaintiff had not filed his complaint on a court-approved form, paid the filing fee or sought permission to proceed as a pauper, the Clerk of Court issued a Notice of Deficient Pleading. On February 8, 2013, the plaintiff corrected his deficiencies, including the filing of his complaint on the court-approved form §1983 complaint provided by the Clerk of Court in error. Because the plaintiff, a federal prisoner, is suing a United States Attorney, his complaint should have been filed on a court-approved <u>Bivens</u>[1] form complaint, and it will be so construed here.

       The plaintiff was granted permission to proceed as a pauper on February 12, 2013, and paid his initial partial filing fee on March 25, 2013. This case is before the undersigned for a preliminary review and report and recommendation pursuant to 28 U.S.C. §§ 1915(e) and 1515(A) and LR PL P 2.

### I. Standard of Review

       Because the plaintiff is a prisoner seeking redress from a governmental entity or employee, the Court must review the complaint to determine whether it is frivolous or malicious. Pursuant

---

[1] <u>Bivens v. Six Unknown Namged Agents of the Fed. Bureau of Narcotics</u>, 403 U.S. 388 (1971).

1

28 U.S.C. § 1915A(b), the Court is required to perform a judicial review of certain suits brought by prisoners and must dismiss a case at any time if the Court determines that the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief.

A complaint is frivolous if it is without arguable merit either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989). However, the Court must read *pro se* allegations in a liberal fashion. Haines v. Kerner, 404 U.S. 519, 520 (1972). A complaint which fails to state a claim is not automatically frivolous. See Neitzke at 328. Frivolity dismissals should only be ordered when the legal theories are "indisputably meritless,"[1] or when the claims rely on factual allegations which are "clearly baseless." Denton v. Hernandez, 504 U.S. 25, 32 (1992). This includes claims in which the plaintiff has little or no chance of success. See Estelle v. Gamble, 429 U.S. 97, 106 (1976).

## II. The Complaint

The plaintiff entered a plea, without benefit of a plea agreement, to twenty-three counts of wire fraud and one count of false statement, in violation of 18 U.S.C. §§1343 and 1001, after four days of trial in U.S. District Court, District of Nevada.[2] In the complaint, plaintiff alleges that the defendant, Assistant United States Attorney ["AUSA"] Christina Brown, who he describes as "one of those mishaps who thrives on ambition and does as she pleases because there is immunity from punishment[,]" violated his Fifth Amendment rights to due process by:

1) prosecuting him by means of a defective indictment;

2) suppressing evidence that was exculpatory to him; and

3) creating a restitution list that was a "forgery."

---

[1] Id. at 327.

[2] (D. Nev. Dkt.# 107 at 7)(2:08cr161).

Based on these allegations, Plaintiff avers that the "defendant's misconduct produced a 10 year prison sentence for a crime that was created for a man with no criminal history of any kind."[3] As relief, he seeks unspecified financial damages.

### III. Analysis

This case should be dismissed as frivolous because plaintiff has no chance of success. In Heck v. Humphrey, 512 U.S. 477, 114 S.Ct. 2364 (1994), the Supreme Court of the United States found:

> in order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such a determination, or called into question by a federal court's issuance of a writ of habeas corpus . . .

Heck at 487 (footnote omitted).

Here, the plaintiff challenges a conviction and sentence and seeks monetary damages for the same. However, the plaintiff has made no showing that the finding of guilt has been reversed on direct appeal; expunged by executive order; declared invalid by a tribunal authorized to make such a determination; or called into question by a federal court's issuance of a writ of habeas corpus. To the contrary; the plaintiff's conviction was affirmed on appeal,[4] and he has already raised these some of these same allegations in a Motion to Vacate, pursuant to 28 U.S.C. §2255, which was denied in the sentencing court.[5] Therefore, the plaintiff is not entitled to seek monetary damages against the defendant at this time.

### IV. Recommendation

---

[3] Dkt.# 7 at 9.

[4] (9th Cir. Dkt.# 25)(No. 10-10279).

[5] (D.Nev. Dkt.# 134)(2:08cr161).

3

In consideration of the foregoing, it is recommended that the plaintiff's complaint (Dkt.# 7) be **DISMISSED as frivolous**, pursuant to 28 U.S.C. §§ 1915(e), 1915A(a) and (b). It is further recommended that the plaintiff's Appeal to Defendant For First Set of Interrogatories and Production of Stated Documents (Dkt.# 11) be **DENIED as moot.**

**Within fourteen (14) days** after being served with a copy of this Recommendation, **or by April 9, 2013**, any party may file with the Clerk of the Court written objections identifying the portions of the Recommendation to which objections are made, and the basis for such objections. A copy of such objections shall also be submitted to the United States District Judge. **Failure to timely file objections to the Recommendation set forth above will result in waiver of the right to appeal from a judgment of this Court based upon such Recommendation**. 28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984), cert. denied, 467 U.S. 1208 (1984).

The Clerk of the Court is directed to mail a copy of this Report and Recommendation to the *pro se* plaintiff by certified mail, return receipt requested, to his last known address as reflected on the docket sheet.

DATED: March 26, 2013

  /s/   James E. Seibert
JAMES E. SEIBERT
UNITED STATES MAGISTRATE JUDGE