IN THE UNITED STATES DISTRICT COURT
                 FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

CASEY LUCZAK,

        Plaintiff,

v.                                        Civil Action No. 5:13CV4
                                                          (STAMP)
CHRISTINA M. BROWN,
U.S. Attorney,

        Defendant.

**MEMORANDUM OPINION AND ORDER
AFFIRMING AND ADOPTING REPORT AND
RECOMMENDATION OF MAGISTRATE JUDGE**

I. Background

The pro se[1] plaintiff, Casey Luczak, filed a civil rights complaint pursuant to 42 U.S.C. § 1983 on the court-approved § 1983 form complaint provided by the Clerk of Court in error. The plaintiff's complaint, instead, should have been filed on a court-approved Bivens[2] form complaint, and therefore it will be construed as such. In his complaint, the plaintiff alleges that Assistant United States Attorney ("AUSA") Christina Brown violated his Fifth Amendment rights to due process by: (1) prosecuting him by means of a defective indictment; (2) suppressing evidence that was exculpatory to him; and (3) creating a restitution list that was a

---

[1] "Pro se" describes a person who represents himself in a court proceeding without the assistance of a lawyer. Black's Law Dictionary 1341 (9th ed. 2009).

[2] Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics, 403 U.S. 388 (1971).

forgery.  The plaintiff seeks an unspecified amount in financial damages based on these claims.

Pursuant to Local Rule of Prisoner Litigation Procedure 2, this case was referred to United States Magistrate James E. Seibert for an initial review and for a report and recommendation on disposition of this matter.  The magistrate judge issued a report and recommendation, recommending that the plaintiff's complaint be dismissed as frivolous.  The magistrate judge advised the parties that, pursuant to 28 U.S.C. § 636(b)(1)(C), any party may file written objections to his proposed findings and recommendations within fourteen days after being served with a copy of the magistrate judge's recommendation.  The plaintiff, thereafter, filed timely objections.

## II.  Applicable Law

Pursuant to 28 U.S.C. § 636(b)(1)(C), this Court must conduct a de novo review of any portion of the magistrate judge's recommendation to which objection is timely made.  As to those portions of a recommendation to which no objection is made, a magistrate judge's findings and recommendation will be upheld unless they are "clearly erroneous."  See Webb v. Califano, 468 F. Supp. 825 (E.D. Cal. 1979).  Because the plaintiff has filed objections, this Court will undertake a de novo review as to those portions of the report and recommendation to which objections were made.

III. <u>Discussion</u>

The magistrate judge found that the plaintiff's complaint was frivolous pursuant to 28 U.S.C. § 1915A(b).  The magistrate judge stated that while the plaintiff is trying to recover damages for an alleged wrongful conviction and sentence, he has "made no showing that the finding of guilt has been reversed on direct appeal; expunged by executive order; declared invalid by a tribunal authorized to make such a determination; or called into question by a federal court's issuance of a write of habeas corpus."  ECF No. 17 *3.  Instead, the magistrate judge stated, the plaintiff's conviction was affirmed on appeal.  Therefore, he found that the plaintiff has no chance of success based on his claims and this Court should therefore, dismiss the plaintiff's claims.

Having reviewed the magistrate judge's report and recommendation <u>de novo</u>, this Court agrees that it should dismiss the plaintiff's complaint as frivolous.  Under the Prison Litigation Reform Act ("PLRA"), federal courts are required to screen civil complaints in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.  28 U.S.C. § 1915A.  If, on review, a court finds that the prisoner's allegations are frivolous, malicious, or fail to state a claim upon which relief may be granted, the court must dismiss the complaint in whole or in part.  28 U.S.C. § 1915A(b)(1).

A complaint is considered frivolous when "it lacks an arguable basis either in law or fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989). A court may dismiss a complaint as frivolous if it is either based on "an indisputably meritless legal theory" or when the complaint's "factual contentions are clearly baseless." Id. at 327. Although some overlap exists in the functional meaning of "frivolous" and "fails to state a claim" as provided in the PLRA, the terms are not identical. As noted by the United States Supreme Court, all frivolous actions are also subject to dismissal for failure to state a claim; however, all actions subject to dismissal for failure to state a claim are not necessarily frivolous. See id. at 326-28. In this case, the magistrate judge recommended that the plaintiff's complaint be dismissed as frivolous.

This case is similar to that of Heck v. Humphrey, 512 U.S. 477 (1994). The plaintiff in Heck alleged claims under 42 U.S.C. § 1983 against county prosecutors and an investigator assigned to his case. Id. at 479. Specifically, he alleged that they engaged in an "unlawful, unreasonable, and arbitrary investigation[,]" knowingly destroyed exculpatory evidence and used an illegal voice identification procedure at his trial. Id. The plaintiff sought, among other things, monetary damages. Id. Prior to bringing his § 1983 suit, the plaintiff's conviction had not been invalidated but, instead, was specifically held up on direct appeal and his federal habeas petition had been denied. Id.

The Supreme Court found that the common law cause of action for malicious prosecution provided "the closest analogy" to the plaintiff's claims under § 1983. Id. at 484. The Supreme Court noted that in stating a claim for malicious prosecution, a plaintiff must show that the prior criminal proceeding was terminated in favor of the accused. Id. To not require this, the Court stated, would allow a convicted criminal defendant to collaterally attack his conviction through the vehicle of a civil suit. Id. (citing 8 S. Speiser, C. Krause, & A. Gans, American Law of Torts § 28:5 p. 24 (1991)). Upon comparison of malicious prosecution claims and those § 1983 claims similar to the plaintiff's, the Court found that the same principle that a malicious prosecution claim is not the appropriate vehicle for challenging the validity of outstanding criminal judgment applies to § 1983 actions where the plaintiff is seeking monetary damages that "necessarily require the plaintiff to prove the unlawfulness of his conviction or confinement." Id. at 486. Therefore, the Supreme Court held:

> [I]n order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254.

Id. at 487.[3] After the Supreme Court applied the above holding to the specific facts of the plaintiff's case, it found that the lower courts were correct in their dismissing the plaintiff's damages claim under § 1983. Id. at 490.

Plaintiff's claims, which are listed above, are similar to that of the plaintiff's in Heck. The claims "require the plaintiff to prove the unlawfulness of his conviction or confinement." As such, in order to bring his claims against AUSA Brown, the plaintiff must prove that his conviction "has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254." The plaintiff has failed to do so. In fact, as indicated by the magistrate judge, the plaintiff's conviction was affirmed on appeal. See ECF No. 17 *3 n.4. Therefore, this Court affirms and adopts the magistrate judge's report and recommendation finding that the plaintiff's claims are frivolous, as the plaintiff's claims lack "an arguable basis . . . in law." The dismissal of plaintiff's claims, however, is without prejudice to his ability to refile his claim, but only if his

---

[3] A Bivens claim brought against federal officials is analogous to a § 1983 claim brought against state officials, and therefore, case law involving § 1983 claims is generally applicable in Bivens actions. See Farmer v. Brennen, 511 U.S. 825 (1994); Abella v. Rubino, 63 F.3d 1063, 1065 (11th Cir. 1995) (noting that courts generally apply § 1983 law to Bivens actions).

federal conviction is overturned or called in question by the appropriate court. Mobley v. Thompkins, 473 Fed. Apppx. 337, 337 (4th Cir. 2012).

As noted above, the plaintiff did file objections to the magistrate judge's report and recommendation. The plaintiff seems to argue that his criminal case prosecuted by AUSA Brown has no relation to this action and, therefore, it is unnecessary for him to show that his criminal case has been invalidated. Instead, the plaintiff argues that this case should proceed forward despite his conviction remaining in place. However, as outlined above, this is not the law. In order for the plaintiff to recover damages for his specific claims brought under Bivens, he must first show that his criminal case was invalidated or called into question, which the plaintiff has not shown through his complaint or objections to the magistrate judge's report and recommendation. Therefore, this Court overrules the plaintiff's objections.

## IV. Conclusion

For the reasons described above, the report and recommendation of the magistrate judge is AFFIRMED and ADOPTED in its entirety. Accordingly, plaintiff's complaint is DISMISSED without prejudice to refiling if his federal conviction is overturned or called in question by the appropriate court. Further, the plaintiff's appeal to the defendant for first set of interrogatories and production of stated documents (ECF No. 11) is DENIED AS MOOT and the plaintiff's

motion showing cause to preclude dismissal, which dealt with the payment of the filing fee, is also DENIED AS MOOT. It is ORDERED that this case be DISMISSED and STRICKEN from the active docket of this Court.

Should the plaintiff choose to appeal the judgment of this Court to the United States Court of Appeals for the Fourth Circuit on the issues to which objection was made, he is ADVISED that he must file a notice of appeal with the Clerk of this Court within 30 days after the date of the entry of the judgment order.

IT IS SO ORDERED.

The Clerk is directed to transmit a copy of this order to the pro se plaintiff by certified mail and to counsel of record herein. Pursuant to Federal Rule of Civil Procedure 58, the Clerk is DIRECTED to enter judgment on this matter.

DATED: May 9, 2013

/s/ Frederick P. Stamp, Jr.
FREDERICK P. STAMP, JR.
UNITED STATES DISTRICT JUDGE